IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON V. LIPSCOMB,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY WILLS and<br>OFFICER RAMSEY,<br><br>    Defendants. | Case No. 24-cv-1818-NJR |

# MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Keon V. Lipscomb, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. In the Complaint, Lipscomb alleges that Officer Ramsey used excessive force, denied Lipscomb access to his medications, and retaliated against him. He raises claims pursuant to the First and Eighth Amendment, as well as Illinois law.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Lipscomb alleges that he has a pending case against Officer Ramsey that involved excessive force (Doc. 1, p. 2). Since filing that lawsuit, Ramsey continues to threaten and assault Lipscomb (*Id.*) He has maced Lipscomb on several occasions without justification, solely as a form of harassment (*Id.*). Lipscomb alleges that other staff harass him, use excessive force, refuse his requests to clean his cell due to the mace, refuse to send his mail out, and refuse him access to grievances (*Id.*). Lipscomb notes that he has filed numerous other lawsuits about his conditions and treatment from various personnel at Menard (*Id.*). He alleges that Anthony Wills was made aware of these actions but fails to intervene in the continued harassment (*Id.*).

On July 18, 2024, Officer Ramsey escorted Nurse Ann to Lipscomb's cell with his prescribed medications (*Id.* at p. 3). Lipscomb's medications included various pills for pain, high blood pressure, nerve damage, and psychological conditions (*Id.*). When Officer Ramsey opened Lipscomb's food hatch, Lipscomb's mail fell to the ground. Lipscomb asked Ramsey to pick up his mail, Ramsey refused and called Lipscomb a derogatory term (*Id.*). Ramsey and Lipscomb argued about the mail and the pain medications. Ramsey then maced Lipscomb in the face (*Id.*). Ramsey noted that Lipscomb should file a complaint about his actions and again used a racial slur against Lipscomb (*Id.*). Ramsey also stopped the nurse from delivering Lipscomb's medication, leaving Lipscomb in pain (*Id.*). Lipscomb alleges that Ramsey was aware of his various health issues and the need for his medications due to other lawsuits he has pending against Ramsey (*Id.*).

## **Preliminary Dismissals**

Although Lipscomb lists Warden Anthony Wills as a defendant in the case caption, he fails to allege a viable claim against Wills in his statement of claim. Lipscomb merely alleges that he informed Wills of ongoing harassment from Officer Ramsey and others. But there are no allegations suggesting that Wills was personally aware of a possible attack as Lipscomb only states in conclusory fashion that Wills was made aware of harassment. Nor do the allegations suggest Wills acted with deliberate indifference or failed to protect Lipscomb from Ramsey. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (A plaintiff also must show that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing "that he complained to prison officials about a specific threat to his safety."). Thus, any claim against Wills is **DISMISSED without prejudice**.

Lipscomb also seeks injunctive relief and sues the defendants in their official capacities, as well as their individual capacities. But Lipscomb is no longer housed at Menard Correctional Center; he is now housed at Pontiac Correctional Center. Thus, any request for injunctive relief is moot, and his claims against the defendants in their official capacities are **DISMISSED without prejudice**. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment excessive force claim against Officer Ramsey for the use of mace against Lipscomb on July 18, 2024.**

**Count 2:** **First Amendment retaliation claim against Officer Ramsey for using mace against Lipscomb in retaliation for Lipscomb filing lawsuits against Ramsey.**

**Count 3:** **Eighth Amendment deliberate indifference to medical needs claim against Officer Ramsey for denying Lipscomb access to his medications.**

**Count 4:** **Illinois state law claim for assault and/or battery against Officer Ramsey for using mace against Lipscomb on July 18, 2024.**

**Count 5:** **Illinois state law claim for intentional infliction of emotional distress against Officer Ramsey for using mace against Lipscomb on July 18, 2024.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Lipscomb alleges a viable claim against Officer Ramsey in Count 1 for his use of mace on July 18, 2024. Lipscomb adequately alleges that Ramsey's use of mace, combined with his racial slurs, was without penological justification and to cause him harm. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). *See also Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (verbal sexual harassment accompanied by physical conduct, which caused psychological trauma and placed inmate in danger of assault, stated Eighth Amendment claim).

Lipscomb also adequately alleges a retaliation claim. To state a First Amendment retaliation claim, a plaintiff must allege that he engaged in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). *See also Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Here, Lipscomb alleges that he previously filed a lawsuit against Ramsey. After using mace on Lipscomb, Ramsey told Lipscomb to file a lawsuit about his condition, suggesting his knowledge of the lawsuit. That is enough at this stage to state a retaliation claim in Count 2.

Lipscomb also adequately alleges that Ramsey acted with deliberate indifference to his medical needs. Lipscomb alleges that Ramsey was aware of his numerous medical conditions and his need for medication, but denied Lipscomb access to his medications after macing him. Thus, Count 3 shall also proceed against Ramsey.

Finally, Lipscomb adequately alleges claims under Illinois law for assault and/or battery (Count 4) and intentional infliction of emotional distress (Count 5). Where a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a). Lipscomb's state law claims derive from the same factual allegations as his federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (a loose factual connection between the federal and state claims is generally sufficient). Thus, the Court will exercise supplemental jurisdiction over the state law claims and Counts 4 and 5 shall also proceed against Officer Ramsey.

## Disposition

For the reasons stated above, Counts 1-5 shall proceed against Officer Ramsey. All claims against Anthony Wills and any claim against the defendants in their official capacities are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Officer Ramsey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Lipscomb. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Ramsey is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**Because Lipscomb's claims involve his medical care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Lipscomb, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lipscomb is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 5, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed and Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.